Filed 2/27/23  P. v. Hines CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E079920 |
| v. | (Super.Ct.No. FVI1201464) |
| WILLIE HINES, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Kawika Smith, Judge.  Dismissed.

Edward J. Haggerty, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Willie Hines appeals from the denial of his petition to vacate his attempted murder conviction.  (See Pen. Code, § 1172.6.)[1]  His appointed counsel could not identify any

---

[1]     All further statutory citations are to the Penal Code.

*[footnote continued on next page]*

arguable issue.  We gave him notice of that fact, and we gave him an opportunity to file a personal supplemental brief, but he has not done so.  Admittedly, under the Supreme Court's recent decision in *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), our notice was "suboptimal."  (*Id*. at pp. 222, 232.)  Accordingly, out of an excess of caution, we have carried out an independent review of the record.  However, we, too, cannot identify any arguable issue.  Hence, pursuant to *Delgadillo*, we will dismiss.

I

STATEMENT OF FACTS

According to our opinion in petitioner's direct appeal, in 2011, during an argument, petitioner "stomped . . . out" his pregnant girlfriend, killing her and her unborn child.  (*People v. Hines* (June 8, 2015, E059223) [nonpub. opn.].)  At trial, petitioner argued that the killings were either an accident or voluntary manslaughter on a heat of passion theory.  (*People v. Hines, supra*, E059223.)

II

STATEMENT OF THE CASE

In 2013, in a jury trial, petitioner was found guilty on two counts of second degree murder.  (§ 187, subd. (a).)  He was sentenced to a total of 30 years to life.

---

The petition was actually filed under former section 1170.95.  (Enacted by Stats. 2018, ch. 1015, § 4, amended by Stats. 2021, ch. 551, § 2.)  Less than a month later, however, section 1170.95 was renumbered as section 1172.6, with no change in text. (Stats. 2022, ch. 58, § 10.)  Somewhat anachronistically, we will use section 1172.6 to refer to whichever version of the statute was in effect at the relevant tine.

In 2022, petitioner filed a petition to vacate his murder convictions under section 1172.6.

The prosecution filed a written opposition, along with a request for judicial notice of the entire case file; it argued that petitioner was the actual killer and was not convicted on either a natural and probable consequences or a felony murder theory. It attached copies of the jury instructions and our opinion.

Petitioner, in propria persona, filed a reply. He argued that he was entitled to appointed counsel, and that he had not been given notice of any proceedings on the petition, including notice of any order allowing the prosecution to respond. He also asserted: "Petitioner never claimed eligibility under [the] felony murder or the natural and probable consequences doctrine . . . . Petitioner is claiming that he would be eligible for resentencing under [the] language that says 'other theory under which malice is imputed to a person based solely on that person's participation in a crime . . .[']"

The trial court appointed counsel for petitioner.

After a hearing, the trial court denied the petition; it ruled that "there's not a prima facie showing that Mr. Hines is eligible for the relief under 1172.6."

III

DISCUSSION

Petitioner's appointed appellate counsel has filed a "no-issue" brief, purportedly pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). We offered petitioner an opportunity to file a personal supplemental brief, but he has not done so.

In an appeal from the denial of a section 1172.6 petition, *Wende* does not apply; we are not required to independently review the record in search of error. (*Delgadillo*, *supra*, 14 Cal.5th at pp. 226-231.) Rather, if the petitioner has declined to file a personal supplemental brief, the appeal should be dismissed as abandoned. (*Id*. at pp. 222, 232.)

Here, however, as in *Delgadillo* itself, the notice to petitioner was "suboptimal" in two respects — "it indicated that the *Wende* procedures would apply when they did not, and it did not inform [petitioner] that the appeal would be dismissed as abandoned if no supplemental brief or letter was filed." (*Delgadillo*, *supra*, 14 Cal.5th at p. 222.) Accordingly, also as in *Delgadillo*, we review the record independently. (*Id*. at p. 233.)

The trial court correctly found that petitioner was statutorily ineligible because he had not been prosecuted on either a natural and probable consequences theory or a felony murder theory. (§§ 188, subd. (a)(3), 189, subd. (e), 1172.6, subd. (d)(3).) The jury instructions established this. Arguably, the prosecution failed to properly authenticate them; however, defense counsel forfeited this argument by failing to object. Moreover, the failure to object was not ineffective assistance of counsel. If she had objected, the prosecution could and would have properly authenticated the jury instructions. Thus, an objection would have been futile, and the failure to object was not prejudicial.

Petitioner argued below that he was convicted on some other "theory under which malice is imputed to a person based solely on that person's participation in a crime." (See § 1172.6, subds. (a), (a)(1).) We need not decide whether, aside from the natural and probable consequences doctrine and the felony murder rule, any such theory exists.

4

(See *People v. Coley* (2022) 77 Cal.App.5th 539, 546 [not deciding whether aiding and abetting implied malice murder imputes malice based solely on participation in a crime].) It suffices to note that the jury was not instructed on any such theory.

Petitioner also argued below that he had not been given notice of any order allowing the prosecution to file an opposition. However, section 1172.6 does not contemplate any such order; it allows the prosecution to file an opposition automatically within 60 days after service of a petition that is in good form. (§ 1172.6, subd. (c).)

The prosecution did file its opposition belatedly, more than 60 days after service (and even filing) of the petition. (See § 1172.6, subd. (c).) However, petitioner, in his reply, and defense counsel, once she was appointed, forfeited this argument by failing to object. Defense counsel's failure to object was not ineffective assistance of counsel, because the prosecution could have made all the same points at the hearing.

We have also considered whether the trial court erred by failing to give appointed counsel an opportunity to file a reply to the prosecution's opposition. (See § 1172.6, subd. (c).) Appointed counsel forfeited any such error by failing to object. Moreover, any such error was harmless, as appointed counsel appeared at the hearing and did not raise any substantive argument. (See *People v. Lewis* (2021) 11 Cal.5th 952, 972-974 [state harmless error standard applies to failure to appoint counsel under § 1172.6].)

Therefore, any defect in our notice was harmless error.

IV

DISPOSITION

The appeal is dismissed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ _____

P. J.

We concur:

McKINSTER _____

J.

MILLER _____

J.